UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFERY L. NUTT,

    Plaintiff,

v.                                          Case No. 5:21-cv-212-TKW/MJF

TOMMY FORD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On November 2, 2021, Plaintiff, a pretrial detainee proceeding *pro se*, initiated this section 1983 action. Doc. 1. On November 3, 2021, because Plaintiff did not file his complaint or motion for leave to proceed *in forma pauperis* on the forms approved for use in this district by the Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff (1) to

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

file an amended complaint on the court-approved form, and (2) to pay the $402.00 filing fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 4. The undersigned imposed a deadline of December 3, 2021 to comply. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. *Id.* at 3. Plaintiff did not comply with the undersigned's order.

On December 3, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of November 3, 2021. Doc. 7. The undersigned imposed a deadline of January 3, 2022 to comply. The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts

possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). A court also may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On November 3, 2021, the undersigned ordered Plaintiff to file an amended complaint, and to pay the $402.00 filing fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 4. Despite having over two months to comply with the undersigned's order, Plaintiff has not paid the filing fee or prosecuted this action in any respect. He also has not complied with the

undersigned's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.[2]

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 7th day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[2] Two orders issued by the undersigned were returned to the clerk of the court as "undeliverable." Docs. 13, 15. That, however, does not alter this report and recommendation. Plaintiff is responsible for keeping this court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action.